UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CHARITY W.,

          Plaintiff,

v.

ANDREW M. SAUL,
Commissioner of Social Security,[1]

          Defendant.

CASE NO. C19-5191-MAT

ORDER RE: SOCIAL SECURITY DISABILITY APPEAL

Plaintiff proceeds through counsel in her appeal of a final decision of the Commissioner of the Social Security Administration (Commissioner). The Commissioner denied plaintiff's application for Supplemental Security Income (SSI) after a hearing before an Administrative Law Judge (ALJ). Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, this matter is AFFIRMED.

## **FACTS AND PROCEDURAL HISTORY**

Plaintiff was born on XXXX, 1977.[2] She completed high school and two years of college, and previously worked as a security guard and child monitor. (AR 32, 48, 54-55, 236.)

Plaintiff protectively filed an SSI application on October 16, 2015, alleging disability

---

[1] Andrew M. Saul is now Commissioner of the Social Security Administration (SSA). Pursuant to Federal Rule of Civil Procedure 25(d), Andrew M. Saul is substituted for Nancy A. Berryhill as defendant.

[2] Dates of birth must be redacted to the year. Fed. R. Civ. P. 5.2(a)(2) and LCR 5.2(a)(1).

ORDER
PAGE - 1

beginning February 15, 2012. (AR 209.) It was denied initially and on reconsideration.

On November 2, 2017, ALJ Allen Erickson held a hearing, taking testimony from plaintiff and a vocational expert (VE). (AR 40-92.) On March 21, 2018, the ALJ issued a decision finding plaintiff not disabled from the application date through the date of the decision. (AR 15-34.)

Plaintiff timely appealed. The Appeals Council denied plaintiff's request for review on January 19, 2019 (AR 1), making the ALJ's decision the final decision of the Commissioner. Plaintiff appealed this final decision of the Commissioner to this Court.

## **JURISDICTION**

The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

## **DISCUSSION**

The Commissioner follows a five-step sequential evaluation process for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520, 416.920 (2000). At step one, it must be determined whether the claimant is gainfully employed. The ALJ found plaintiff had not engaged in substantial gainful activity since the application date. At step two, it must be determined whether a claimant suffers from a severe impairment. The ALJ found plaintiff's generalized anxiety disorder, agoraphobia, major depressive disorder, lumbar degenerative disc disease and degenerative joint disease, and right shoulder tendonitis severe. Step three asks whether a claimant's impairments meet or equal a listed impairment. The ALJ found plaintiff's impairments did not meet or equal the criteria of a listed impairment.

If a claimant's impairments do not meet or equal a listing, the Commissioner must assess residual functional capacity (RFC) and determine at step four whether the claimant has demonstrated an inability to perform past relevant work. The ALJ found plaintiff able to perform light work, with lifting and carrying twenty pounds occasionally and ten pounds frequently;

standing and/or walking and sitting for at least six hours in an eight-hour workday; able to occasionally climb ladders, ropes, or scaffolds and crawl; able to frequently, but not continuously perform bilateral handing and fingering and to occasionally perform overhead reaching with the dominant right arm; able to tolerate occasional exposure to vibration and extremely cold temperatures; able to understand, remember, and apply short, simple instructions, while performing routine tasks, not in a fast-paced production-type environment, making only simple decisions; and able to have no more than occasional interaction with the general public and co-workers. With that assessment, the ALJ found plaintiff unable to perform past work.

If a claimant demonstrates an inability to perform past relevant work, or has no past relevant work, the burden shifts to the Commissioner to demonstrate at step five that the claimant retains the capacity to make an adjustment to work that exists in significant levels in the national economy. With the assistance of the VE, the ALJ found plaintiff capable of performing other jobs, such as work as a lab sample carrier, garment sorter, and mail clerk.

This Court's review of the ALJ's decision is limited to whether the decision is in accordance with the law and the findings supported by substantial evidence in the record as a whole. *See Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993). *Accord Marsh v. Colvin*, 792 F.3d 1170, 1172 (9th Cir. 2015) ("We will set aside a denial of benefits only if the denial is unsupported by substantial evidence in the administrative record or is based on legal error.") Substantial evidence means more than a scintilla, but less than a preponderance; it means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). If there is more than one rational interpretation, one of which supports the ALJ's decision, the Court must uphold that decision. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

ORDER
PAGE - 3

Plaintiff alleges error in the rejection of a medical opinion and resulting harm to the RFC and at step five. She requests remand to cure the error. The Commissioner denies error and requests the decision be affirmed.

## Medical Opinion

Plaintiff avers the ALJ erred in evaluating the opinion of examining psychologist Dr. Daniel Pratt. In general, more weight should be given to the opinion of a treating doctor than to a non-treating doctor, and more weight to the opinion of an examining doctor than to a non-examining doctor. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996). Where a doctor's opinion is contradicted, as in this case, the ALJ must provide specific and legitimate reasons, supported by substantial evidence in the record, for rejecting the opinion. *Id.* at 830-31.

Dr. Pratt completed an evaluation of plaintiff on behalf of the Department of Social and Health Services (DSHS) on August 25, 2016. (AR 779-83.) In addition to a number of moderate limitations, Dr. Pratt assessed marked limitations in relation to detailed instructions; performing tasks within a schedule, maintaining regular attendance, and being punctual within customary tolerances without special supervision; asking simple questions or requesting assistance; communicating and performing effectively in a work setting; maintaining appropriate behavior in a work setting; and completing a normal work day and week without interruptions from psychologically based symptoms. (AR 781.)

The ALJ found many of the ratings from Dr. Pratt consistent with the RFC. (AR 29.) He assigned some of the assessed ratings very little weight based on insufficient supportive evidence. (AR 29-30.) Dr. Pratt did not, for example, explain the basis for the assessment of marked limitations in the ability to ask simple questions or request assistance, communicate or perform effectively, and maintain appropriate behavior, and the ALJ found no explanation evident from the

evaluation findings. (AR 30.) The ALJ elaborated as follows:

> Despite observing tearfulness and psychomotor slowing, the doctor did not state that the claimant had any difficulty communicating her symptoms and did not state that her behavior was inappropriate in any way. Furthermore, the record as a whole shows that the claimant was able to ask questions and request assistance, in that she sought DSHS benefits, went to Francis House to obtain household supplies, and asked her Greater Lakes providers to provide in-home care. Furthermore, the claimant's history of supervising her kids through their online home-schooling program shows that she is fully capable of performing in these domains.

(*Id.* (internal citations to record omitted).) The ALJ further observed other alleged limitations "cannot be determined by a single evaluation," such as performing activities in a schedule/ maintaining attendance/being punctual and completing a normal work day and week. (*Id.*) Because many of Dr. Pratt's moderate and marked ratings found insufficient support in his clinical findings, are contradicted by the record, or required greater familiarity with plaintiff and her functioning than offered in a one-time evaluation, the ALJ assigned them very little weight.

Plaintiff argues Dr. Pratt's observations and testing results completely explain his opinion of a marked limitation in the ability to maintain appropriate behavior in a work setting. Dr. Pratt observed tearfulness, flat affect, psychomotor retardation and soft voice, pessimistic comments, difficulty concentrating, and anxious and tense presentation. (AR 780.) Abnormal findings on mental status examination (MSE) included monotone, brief and paused speech, guarded and at times fearful presentation, fluctuating flat affect and tearfulness, inability to perform "serial 7s", and concrete interpretation of parables. (AR 782.) Plaintiff's self-reporting scores on depression and anxiety inventories fell in the severe range and her performance on other testing suggested she put forth adequate effort. (*Id.*)

Plaintiff also argues the ALJ erred in concluding marked limitations in performing

ORDER
PAGE - 5

activities in a schedule/maintaining attendance/being punctual and completing a normal work day and week could not be determined in a single evaluation. She cites to numerous cases in which courts have found an ALJ may not reject a doctor's opinion based on the fact it came from a one-time examination. (*See* Dkt. 8 at 4.)

While relevant to the assignment of weight, the mere fact a medical source examined a claimant only once does not alone serve as a legally sufficient basis to reject a medical opinion. *See, e.g.*, *Brown v. Berryhill*, C17-1470, 2018 U.S. Dist. LEXIS 158247 at *14 (W.D. Wash. Sep. 17, 2018); *Ford v. Berryhill*, C17-1343, 2018 U.S. Dist. LEXIS 72244 at *5-6 (W.D. Wash. Apr. 30, 2018); *Gopher v. Comm'r of Soc. Sec.*, 281 F. Supp. 3d 1102, 1110 (E.D. Wash. 2017); *Lopez v. Colvin*, 194 F. Supp. 3d 903, 917 (D. Ariz. July 11, 2016). *See also* 20 C.F.R. § 416.927(c). The ALJ must consider all medical opinions, including those of examining providers. 20 C.F.R. § 416.927(b), (c). "Discrediting an opinion because the examining doctor only saw claimant one time would effectively discredit most, if not all, examining doctor opinions." *Yeakey v. Colvin*, C13-5598, 2014 U.S. Dist. LEXIS 106081 at *16-17 (W.D. Wash., June 10, 2014), *adopted by* 2014 U.S. Dist. LEXIS 105691 (W.D. Wash. July 29, 2014). Nor can it be said the ALJ here properly rejected the specific limitations identified as incapable of determination through a single evaluation. *Cara C. v. Comm'r of Soc. Sec.*, C19-5000, 2019 U.S. Dist. LEXIS 126776 at *10-11 (W.D. Wash. July 30, 2019) (finding error in ALJ's suggestion a single examination can never provide adequate information as to ability to complete a normal workday/week: "Psychological examinations are designed to elicit information from which examiners can infer more than they can observe directly; a qualified examiner need not observe a claimant for an entire day at work in order to infer the claimant's ability to complete a workday. The ALJ essentially made a medical judgment that Dr. Irwin had insufficient information to infer Plaintiff's ability to complete a

normal workday/week, a judgment an ALJ is not qualified to make.")

Impermissible reliance on the fact of a one-time examination may, however, be found harmless where the ALJ provides other adequate reasons for rejecting a doctor's opinion. *Brown*, 2018 U.S. Dist. LEXIS 158247 at *14-18. *See also Gopher*, 281 F. Supp. 3d at 1111-12 (three erroneous reasons harmless given three other germane reasons offered for rejecting social worker's opinion); *Henderson v. Astrue*, 634 F. Supp. 2d 1182, 1194 (E.D. Wash. 2009) (three erroneous reasons for rejecting physicians' opinions harmless given provision of two adequate reasons). That is, an ALJ's error may be deemed harmless where it is "'inconsequential to the ultimate nondisability determination.'" *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012). *See also Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1162-63 (9th Cir. 2008) (where ALJ provides valid reasons supporting an assessment and substantial evidence supports the conclusion, an error in the assessment may be deemed harmless).

In this case, the ALJ provided other reasons for rejecting Dr. Pratt's opinion. Those reasons include a lack of sufficient supporting evidence and explanation in Dr. Pratt's evaluation, contradictory evidence in the record, and inconsistency with evidence of plaintiff's activity. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (ALJ may reject opinion based on inconsistencies between opinion and the record); *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005) (ALJ may reject opinion due to discrepancy or contradiction between opinion and the physician's own notes or observations); *Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir. 2001) (ALJ may reject opinion as inconsistent with a claimant's level of activity). *See also Batson v. Commissioner*, 359 F.3d 1190, 1195 (9th Cir. 2004) (ALJ may reject opinion that is "conclusory, brief, and unsupported by the record as a whole . . . or by objective medical findings[.]"); 20 C.F.R. § 416.927(c) (the more relevant evidence, the better an explanation provided in support of an

opinion, and the more consistent an opinion is with the record as a whole, the more weight the opinion will be given; an ALJ also properly considers any factor that tends to support or contradict the opinion of a physician).

As noted by plaintiff, the ALJ documented observations of various symptoms and found plaintiff's concentration and abstract thought did not fall within normal limits. (AR 780, 783.) However, the ALJ also observed plaintiff's adequate appearance, eye contact, and cooperative attitude, and found her thought process and content, orientation, perception, memory, fund of knowledge, insight, and judgment all fell within normal limits. (AR 782-83.) He pointed to evidence in the record reflecting plaintiff's ability to ask questions and request assistance, and her ability to supervise her children's online home-schooling program.

"The ALJ is responsible for resolving conflicts in the medical record." *Carmickle*, 533 F.3d at 1164; *Thomas*, 278 F.3d at 956-57. When evidence reasonably supports either confirming or reversing the ALJ's decision, the Court may not substitute its judgment for that of the ALJ. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). "Where the evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld." *Morgan v. Commissioner of the SSA*, 169 F.3d 595, 599 (9th Cir. 1999).

In this case, the ALJ rationally interpreted the record as containing insufficient support for and evidence and activities contradicting Dr. Pratt's opinion. These findings serve as specific and legitimate reasons sufficient for the ALJ's decision regarding the opinion of Dr. Pratt.

The Court must, moreover, look to "the record as a whole to determine whether [an] error alters the outcome of the case." *Molina*, 674 F.3d at 1115. The record in this case contains four other opinions addressing plaintiff's mental impairments. Psychologist Dr. Brett Valette assessed no limitations in functioning following an April 30, 2016 examination. (AR 707-08.) He found

plaintiff vague and evasive, with limited eye contact, distant and abrupt, not appearing panicky or in pain, calm behavior, and flat affect; with clear, but short and non-spontaneous speech, not freely giving information and symptoms and providing short, non-descriptive responses, without many details; and with intact thought process. (AR 706.) Dr. Valette believed plaintiff did not cooperate fully during the evaluation, adding that "she was vague, evasive, she gave conflicting information, and the information provided needs to be interpreted with caution." (*Id.*) On MSE, plaintiff had full immediate recall, partial recall after five minutes, performed serial 7s with one mistake and "serial 3" subtractions without error, spelled "world" correctly forwards and backwards, and had limited fund of knowledge and abstract thought, but judgment appearing intact. (AR 707.) Dr. Valette stated: "At the end of the evaluation she says, 'I just want you to know my depression is so bad, I can't function, my meds don't work. I just can't do anything.' This is directly opposite of what she told me earlier." (AR 707.) Non-examining state agency psychological consultants, Drs. John Gilbert and Winifred Ju, found plaintiff's mental impairments not severe, on May 2, 2016 and August 30, 2016 respectively. (AR 100-01, 114-15.) Finally, Mychelle Bowers, a physician assistant, opined on August 8, 2016 that plaintiff's depression prevents focusing and her anxiety makes it difficult for her to be around others. (AR 776.)

The ALJ found plaintiff's claim of debilitating social anxiety "not at all reflected in the treatment record" and noted Dr. Valette assessed no limitation in social functioning. (AR 28.) He nevertheless found it likely plaintiff's depression and anxiety would at times interfere with her ability to interact with coworkers and the public. (AR 28.) The ALJ also, considering plaintiff's depressed and anxious mood and performance on MSE with both Dr. Valette and Dr. Pratt, found plaintiff limited to some degree in relation to the type or complexity of tasks she could perform and in relation to concentration. "But given her reported activities as well as her performance on

[MSE] with Dr. Valette", the ALJ found no further limitations required than those assessed. (*Id.*)

The ALJ assigned limited weight to Dr. Valette's opinion. (AR 28-29.) While acknowledging the contradictory statements made to Dr. Valette and his perception of a lack of cooperation, the ALJ found plaintiff's performance on MSE supported some limitation in the complexity of tasks plaintiff could perform on a regular basis. (AR 29.) While her presentation and subjective reports of social anxiety to her counselor were not fully consistent with her claims at hearing or to Dr. Pratt, the ALJ found support for limited interaction with co-workers and the public, simple decision making, and a work environment that is not fast-paced. The ALJ largely agreed with the opinions of Bower as to plaintiff's difficulty focusing and being around others and assigned them significant weight. (AR 29.) He gave very little weight to the opinions of Drs. Gilbert and Ju. (AR 30.) While they raised relevant points regarding plaintiff's effort on evaluation and the accuracy of her claimed limitations, the ALJ found significant limitations supporting the existence of severe mental impairments.

Plaintiff, in sum, fails to demonstrate the ALJ's consideration of the fact of Dr. Pratt's one-time examination constituted harmful error. Instead, considering both the specific and legitimate reasons offered in relation to the opinion of Dr. Pratt and the record as a whole, the Court finds the ALJ's error harmless and the decision supported by substantial evidence.

## **CONCLUSION**

For the reasons set forth above, this matter is AFFIRMED.

DATED this 19th day of September, 2019.

Mary Alice Theiler
United States Magistrate Judge